■ PINEWOOD ASSOCIATES, INC., Appellant, v STEPHANIE WILCOX, Respondent. [815 NYS2d 706]—

In an action for a judgment declaring that the plaintiff is entitled to charge the defendant a vacancy allowance increase pursuant to the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, sec 4, § 6, as amended [McKinney's Uncons Laws of NY § 8626 (g)]), the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 6, 2005, as denied that branch of its motion which was for summary judgment on the first cause of action and

granted the defendant's cross motion for summary judgment "to the extent of dismissing the complaint."

Ordered that the order is modified, on the law, by deleting the words "to the extent of dismissing the complaint" and "and is therefore entitled to dismissal of the complaint" from the decretal paragraph thereof; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiff is not entitled to charge the defendant a vacancy allowance increase pursuant to the Emergency Tenant Protection Act, and the second counterclaim is severed.

The plaintiff holds the shares and proprietary lease appurtenant to the subject rent-stabilized apartment. The defendant is the current tenant.

Contrary to the plaintiff's contention, it was not entitled to charge the defendant a vacancy allowance increase pursuant to the Emergency Tenant Protection Act and attendant regulations (*see* McKinney's Uncons Laws of NY § 8626 [g]; 9 NYCRR 2502.7 [b]) when the defendant, in 2003, succeeded to the tenancy of her late mother, Dorothea Wilcox. Under the plain meaning of the statute, such allowance is payable only by each *second* succeeding tenant (*see* McKinney's Uncons Laws § 8626 [g]). At the time section 8626 (g) went into effect, on June 19, 1997 (*see* L 1997, ch 116, §§ 23, 46), Dorothea Wilcox was the tenant of record. Therefore, the defendant is only the first succeeding tenant, and no vacancy allowance increase is owed.

Since this is a declaratory judgment action, the Supreme Court erred in directing the dismissal of the complaint. Accordingly, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiff is not entitled to charge the defendant a vacancy allowance increase with respect to the subject apartment (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Jenkins-Watson v Golabi Holdings, LLC,* 26 AD3d 467 [2006]). Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.