■ Pinewood Apartment Associates, Appellant-Respondent, v Stephanie Wilcox, Respondent-Appellant. [858 NYS2d 704]—

In an action, inter alia, for a judgment declaring that the plaintiff is entitled to charge the defendant a vacancy allowance increase pursuant to the Emergency Tenant Protection Act of 1974 § 6 (McKinney's Uncons Laws of NY § 8626 [g] [L 1974, ch 576, sec 4, § 6, as amended]), the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 2, 2007, as denied that branch of its motion which was for leave to renew its motion for summary judgment on the first cause of action, and the defendant cross-appeals, as limited by her notice of appeal and brief, from so much of the same order as denied her cross motion for an award of an attorney's fee and the imposition of sanctions.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On a prior appeal in this matter, we held that the plaintiff was not entitled to charge the defendant a vacancy allowance increase pursuant to the Emergency Tenant Protection Act of 1974 and attendant regulations (see McKinney's Uncons Laws of NY § 8621 et seq.; 9 NYCRR 2500.1, 2500.13; Pinewood Assoc., Inc. v Wilcox, 29 AD3d 881 [2006]). We observed that, "[u]nder the plain meaning of the statute, such [vacancy allowance increase] is payable only by each second succeeding tenant" and that, because "the defendant is only the first succeeding tenant . . . no vacancy allowance increase is owed" (id. at 882).

Subsequent to our decision on the prior appeal, the plaintiff moved in the Supreme Court for leave to renew that branch of its motion which sought a declaration that it was entitled to a vacancy allowance increase. The motion was based on a footnote appearing in an unrelated determination by the Deputy Commissioner of the Division of Housing and Community Renewal (hereinafter the DHCR). The Supreme Court properly denied the plaintiff's motion for leave to renew. Although our determination was consistent with Rent Administration Fact Sheet No. 30 issued by the DHCR, it was based upon our own reading of the statute, and we did not defer to any interpretation by the DHCR. Thus, any alleged change in the DHCR's interpretation of the relevant statutory and regulatory provisions reflected in the footnote would not change the prior determination (see CPLR 2221 [e] [2]).

The parties' remaining contentions are without merit.

Motion by the respondent-appellant on an appeal and a cross appeal from an order of the Supreme Court, Westchester County, entered March 2, 2007, to strike stated portions of the reply brief of the appellant-respondent. By decision and order on motion dated March 3, 2008, the motion was held in abeyance and referred to the justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that that the motion is granted, and the final paragraph of the reply brief of the appellant-respondent beginning on page 9 and continuing to page 10 is stricken, and that paragraph has not been considered on the appeal. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.